UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                Case No. 13-61958

MARJORIE D. BAXTER,                                   Chapter 13

              Debtor.                           Judge Thomas J. Tucker
_____/

**OPINION REGARDING TIMELINESS OF CREDITOR ROBERT MITCHELL'S
PROPOSED POST-CONFIRMATION PLAN MODIFICATION**

**I. Introduction**

      This Chapter 13 case presents a question about the meaning of Bankruptcy Code § 1329(a). That section permits certain types of modifications of a confirmed Chapter 13 plan to be made, "[a]t any time . . . before the completion of payments under such plan." 11 U.S.C. § 1329(a). If a proposed plan modification is filed and served before a debtor completes her payments under the confirmed plan, but a timely objection to the modification is filed and not ruled on until after the completion of such payments, does the above phrase in § 1329(a) mean that the modification is untimely? The Court concludes that the answer to this question is "no."

**II. Background**

      This case came before the Court for a hearing on May 18, 2017, on creditor Robert Mitchell's proposed post-confirmation plan modification (Docket # 113, the "Plan Modification"). The Debtor timely objected to the Plan Modification. One of the issues discussed during the hearing which the Court must decide concerns the timeliness of the Plan Modification. The issue is whether, as the Debtor argues, the Court must disapprove the Plan Modification because "the completion of payments under" the Debtor's confirmed plan has occurred, within the meaning of 11 U.S.C. § 1329(a).

      At the May 18 hearing, the Debtor's attorney argued that the Debtor had completed her

payments under the confirmed plan. The Chapter 13 Trustee agrees that this is so. In a status report filed on May 24, 2017, the Trustee reported that the Debtor completed all required payments under the confirmed plan on May 17, 2017.[1] While that date was one day before the May 18 hearing on the plan modification, it was well after the date on which creditor Robert Mitchell filed and served his Plan Modification — March 21, 2017.[2] The question is whether that fact — that the Plan Modification was filed and served before the Debtor completed all payments required by the confirmed plan — is sufficient to make the Plan Modification timely under § 1329(a). Or, is the Plan Modification untimely under § 1329(a) because the Debtor completed her required plan payments before the Court has ruled on (approved or disapproved) the Plan Modification?

Confirming action taken during the May 18 hearing, the Court entered an order on May 19, 2017, allowing the Debtor, the Chapter 13 Trustee, and creditor Robert Mitchell each to file a list of any cases they want the Court to consider, regarding this time-bar issue.[3] The Debtor timely filed a list of three cases, which are discussed below.[4] Neither the Trustee nor creditor Robert Mitchell filed a list of cases. The Court has reviewed the cases cited by the Debtor on this issue, and the Court has conducted its own legal research.

### III. Discussion

The Court now decides this time-bar issue, and rules in favor of creditor Robert Mitchell on the issue. His proposed Plan Modification is not time-barred under § 1329(a).

---

[1] "Trustee's Report Regarding The Status of Case," filed May 24, 2017 (Docket # 139) at 2 ¶ 3.

[2] Docket ## 113, 114.

[3] Docket # 138 at 1 ¶ 2.

[4] Docket # 143.

Section 1329(a) provides that "[a]t any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim . . . ." 11 U.S.C. § 1329(a). Section 1329(b)(2) says that "[t]he plan as modified becomes the plan unless, after notice and a hearing, such modification is disapproved." 11 U.S.C. § 1329(b)(2).

The Court concludes that the critical date for purposes of timeliness is when the proposed plan modification is filed, rather than when the Court later rules on any objections to the modification. As the United States Court of Appeals for the Seventh Circuit has explained:

> Although § 1329(a) states that the plan "may be modified" only within the prescribed time, when this language is read in the context of § 1329 as a whole, it is clear that it is referring to the time when the modification may be requested, not to the time within which the bankruptcy court may approve the modification. . . . [Section 1329(b)(2)] means that the modification is effective, *i.e.*, that the plan is modified, on the date the party requests modification of the plan, unless the court later disapproves it.

*Germeraad v. Powers*, 826 F.3d 962, 969 (7th Cir. 2016) (citation omitted). In *Germeraad*, the trustee filed a motion to modify the debtors' confirmed chapter 13 plan after discovering that their income had increased significantly. The bankruptcy court denied the motion and the trustee appealed, first to the district court and then to the United States Court of Appeals for the Seventh Circuit. By the time the court of appeals heard the case, the debtors had completed making their plan payments, and they argued that the appeal was moot because modification was no longer permitted under § 1329(a). The court of appeals disagreed, explaining that "if we were to vacate the bankruptcy court's order disapproving the modification, then by operation of § 1329(b)(2), the modified plan would be reinstated and deemed effective as of the date it was filed. . . . The modification thus would have occurred within the time period specified in § 1329(a)." *Id.*

The United States Court of Appeals for the Fifth Circuit came to a similar conclusion, in *Meza v. Truman (In re Meza)*, 467 F.3d 874 (5th Cir. 2006). In that case, the trustee filed a motion to modify the Chapter 13 debtors' confirmed plan. But one month before the scheduled hearing on the modification, the debtors paid the balance of their plan in full with a lump sum payment to the trustee. The debtors then argued that the trustee's proposed modification should be denied as untimely under § 1329(a). The bankruptcy court and district court agreed. But the court of appeals reversed. That court reasoned:

> Here, Trustee filed a proposed modification prior to Debtors' attempt to pay the plan balance. Obviously Debtors' making their final payment did not *nunc pro tunc* make untimely that modification filing. Because the modification was timely filed, and would become effective after the notice period *unless* disapproved, it precluded Debtors from making their final payment under the earlier confirmed plan.

*Id.* at 879; *see also Profit v. Savage (In re Profit)*, 283 B.R. 567, 574 (B.A.P. 9th Cir. 2002) ("the bankruptcy court correctly held that Trustee's motion [to modify the Chapter 13 plan] was timely filed, pursuant to § 1329(a), because the plan payments had not been completed at the time the motion was filed . . . .").

The Court agrees with the reasoning and holdings of these cases. In this case, creditor Robert Mitchell filed the Plan Modification before the Debtor completed all required payments under the confirmed plan. The Debtor's later completion of the plan payments did not make creditor Robert Mitchell's modification untimely. This conclusion is supported by the language of § 1329(b)(2), which would deem the date of Mitchell's modification of the plan to be the date the modification was filed, unless the Court later disapproved it, 11 U.S.C. § 1329(b)(2), and the date of such filing (March 21, 2017) was well before the Debtor completed her payments under the existing confirmed plan (May 17, 2017). So Mitchell's Plan Modification is not untimely

under § 1329(a).

None of the three cases cited by the Debtor support her argument. The Debtor cited the *Gemeraad* and *Meza* cases, discussed above, but these cases undercut the Debtor's argument. And the Debtor cited the case of In re Salva, No. 03-09405(ESL), 2009 WL 2898822 (Bankr. D.P.R. Apr. 1, 2009). That case is unlike this case, however, and does not support the Debtor's argument. *Salva* merely held that a Chapter 13 trustee's proposed plan modification was untimely because the plan modification was *filed* after the debtors completed their payments under the confirmed plan. *See id.* at *4

The Court acknowledges that at least two cases support the Debtor's argument, but the Court finds the *Gemeraad*, *Meza*, and *Profit* cases cited above to be more persuasive. In *In re Brown*, 378 B.R. 416 (B.A.P. 6th Cir. 2007) (unpublished), the debtors filed a motion to modify the plan before plan payments were complete. The motion was denied and the debtors appealed. But the debtors completed their plan payments and were granted a discharge before the appeal was decided. The court ruled that the appeal had become moot because payments had been completed and the plan could no longer be modified under § 1329(a). *Id.* at *3. As support for its decision, the court cited the *Meza* and *Profit* cases, described above. *Id.* But as explained above, those cases actually support this Court's interpretation of § 1329(a) (and § 1329(b)(2)).

The case of In re Torres, 336 B.R. 839 (Bankr. M.D. Fla. 2005) supports the Debtor's position. In that case, the debtor filed a claim objection seeking to reclassify a secured claim as unsecured. One month later, before the objection was decided, the debtor completed the plan payments. The court viewed the claim objection as a proposed plan modification, and ruled that "[r]eclassification of a claim . . . is not allowed after the debtor has made all payments under the confirmed plan and is explicitly precluded under the plain language of Bankruptcy Code Section

5

1329(a)." *Id.* at 842. Again, however, the cases relied upon by the *Torres* court for its decision do not support this conclusion. Each of the cases cited by *Torres* addressed a motion to modify a plan that was filed after the plan payments had been completed.

The Court respectfully disagrees with the *Brown* and *Torres* cases, to the extent they are inconsistent with the Court's ruling in this opinion.

## IV. Conclusion

For the reasons stated in this opinion, the Court concludes that creditor Robert Mitchell's Plan Modification is not time-barred under § 1329(a). The Debtor has made other arguments in objecting to the Plan Modification, so other issues remain to be decided. As previously ordered, the Court will hold a further hearing on the Plan Modification on June 22, 2017 at 2:00 p.m.

**Signed on June 15, 2017**              **/s/ Thomas J. Tucker**
                                          **Thomas J. Tucker**
                                          **United States Bankruptcy Judge**